**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BEZALEL GROSSBERGER,<br><br>              Plaintiff,<br><br>v.<br><br>SUPERIOR COURT ESSEX COUNTY,<br>FAST OIL LLC, and ROBERT<br>CORMACK,<br><br>            Defendants. | Civil Action No. 22-05484 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>September 23, 2022 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Bezalel Grossberger's ("Plaintiff") filing of a Complaint, (D.E. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, (D.E. 1-1 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Fed. R. Civ. P. 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** IFP applications are available to plaintiffs or petitioners in order to be excused from paying certain fees for district court proceedings, including those required to commence a civil action; and

**WHEREAS** Plaintiff's application to proceed without prepayment of fees and costs indicates that he is unemployed and his spouse has $2,000.00 in monthly income. (D.E. 1-1 at 1.) Plaintiff has $3,200.00 in monthly expenses and receives government assistance. (D.E. 1-1 at 1–2). This Court will therefore allow Plaintiff to proceed *in forma pauperis*; and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quotation and citation omitted); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Under Fed. R. Civ. P. 8(a)(2), an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"; and

**WHEREAS** Plaintiff's Complaint contains allegations against the Superior Court of New Jersey, Essex County[1], Fast Oil LLC, and Robert Cormack (collectively, "Defendants"), but fails to state a cognizable legal claim. The facts alleged in Plaintiff's Complaint are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Moreover, Plaintiff appears to seek appeal of a ruling entered by the Superior Court of New Jersey, Essex County. (D.E. 1 at 4–5.) Plaintiff asserts that his "demand for proof hearing was [administratively] dismissed and without requested oral hearing

---

[1] The Superior Court of New Jersey, Essex County is entitled to Eleventh Amendment immunity from this suit. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Villarreal v. New Jersey*, 803 F. App'x 583, 587 (3d Cir. 2020) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). "Eleventh Amendment immunity protects not only states but also state agencies and departments, such as the Superior Court here, that are so intertwined with them as to render them arms of the state." *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018) (quoting *Bowers v. NCAA*, 475 F.3d 524, 545 (3d Cir. 2007) (internal quotations omitted).

in violation of the first amendment and court rule 1:6-2(d)." (D.E. 1 at 5.)  Plaintiff improperly

seeks to have this Court review and overturn the ruling of the Superior Court of New Jersey, Essex

County.  (*See generally* D.E. 1.)  This Court is not a state appellate court and not the appropriate

forum for Plaintiff's grievance.  *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance

v. Dennis*, 546 U.S. 459, 463 (2006) ("[t]he *Rooker-Feldman* doctrine precludes lower federal

courts 'from exercising appellate jurisdiction over final state-court judgments' because such

appellate jurisdiction rests solely with the United States Supreme Court.")  As a result, this Court

lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and the Complaint is dismissed.

Accordingly, Plaintiff's IFP application is **GRANTED** and Plaintiff's Complaint is

**DISMISSED WITH PREJUDICE**.[2]  An appropriate order follows.

/s/ Susan D. Wigenton

**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        James B. Clark, III, U.S.M.J.

---

[2] Prior to the entry of this Order, Plaintiff filed a Motion for Temporary Restraining Order seeking to restrain the Superior Court of New Jersey, Essex County on September 22, 2022.  (D.E. 3.)  For the same reasons set forth herein, Plaintiff's Motion for Temporary Restraining Order is **DENIED**.  This Court lacks subject matter jurisdiction.