<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEZALEL GROSSBERGER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SUPERIOR COURT ESSEX COUNTY, FAST OIL LLC, and ROBERT CORMACK,<br><br>　　　　　Defendants. | Civil Action No. 22-05484 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>November 4, 2022 |

　　　**THIS MATTER** having come before this Court upon *pro se* Plaintiff Bezalel Grossberger's ("Plaintiff") "Motion for Reinstatement and [to] Order the Temporary Restraining Order or [File] Notice of Appeal" (D.E. 7) in connection with this Court's September 23, 2022 Whereas Opinion and Order ("Order") *sua sponte* dismissing Plaintiff's Complaint with prejudice and denying Plaintiff's Motion for Temporary Restraining Order (D.E. 5, 6); and

　　　**WHEREAS** this Court deems Plaintiff's "Motion for Reinstatement and [to] Order the Temporary Restraining Order or [File] Notice of Appeal[,]" as a Motion for Reconsideration of this Court's September 23, 2022 Order; and

　　　**WHEREAS** a party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507,

2015 WL 4602995 at *2 (D.N.J. July 30, 2015) (citations omitted).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Plaintiff's Motion for Reconsideration must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice.  As such, there is no basis for this Court's reconsideration.  Furthermore, pursuant to the Federal Rules of Appellate Procedure, Plaintiff is required to file the appropriate Notice of Appeal with the District Court Clerk.  Accordingly, this Court will not treat Plaintiff's Motion for Reconsideration as a Notice of Appeal.

Therefore, Plaintiff's Motion for Reconsideration will be **DENIED**.  An appropriate order follows.

                        /s/ Susan D. Wigenton
                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: James B. Clark, III, U.S.M.J.
     Parties